GebeN, Judge,
delivered the opinion of the court:
This suit is begun to recover an unpaid balance upon five contracts made with the defendant by which the defendant agreed to pay the plaintiff certain sums for work to be done. Plaintiff performed the work but defendant reduced the payment therefor in accordance with the act of June 30, 1932, and subsequent reenactments, commonly known as the Economy Act, and refuses to make further payment.
The plaintiff contends that the contracts in suit are not controlled by the statutory provisions with reference to reductions in the amount to be paid and in effect claims that if the statute were so applied it would be unconstitutional and void. In support of this contention the plaintiff cites several cases and among them is Lynch v. United States, 292 *309 U. S. 571, in which the Supreme Court said that “Congress was without power to reduce expenditures by abrogating contractual obligations of the United States.” This case, however, and the other cases cited by plaintiff are not applicable here for the reason that the contracts involved were entered into prior to the enactment of the statute which was pleaded as a defense. The opinion in Lynch v. United States, supra, holds in effect that in such cases property rights are created and vested which are protected by the Fifth Amendment. But in the case before us the contracts upon which suit is brought were not executed until after the passage of the act which defendant contends modifies them. Consequently a different rule applies. Another feature of the Lynch case should also be noted. While it was held that Congress did not intend by the act under consideration to deprive the courts of jurisdiction of the case, it was also held that Congress had the power to do so and that—
The sovereign’s immunity from suit exists whatever the character of the proceeding or the source of the right sought to be enforced. It applies alike to causes of action arising under acts of Congress, * * * and to those arising from some violation of rights conferred upon the citizen by the Constitution.
The defendant contends that the court has no jurisdiction of the action under section 111 of the Economy Act which provides as follows:
Sec. 111. No court of the United States shall have jurisdiction of any suit against the United States * * * arising out of the application of any provision of this title, unless such suit involves the Constitution of the United States.
The precise meaning of this section is not clear. Its evident purpose was to avoid any conflict between the act and the Constitution and we think it was not intended that simply because it was contended in argument that a constitutional question was involved the court would retain jurisdiction. Otherwise, the provision would be easily avoided by making such a claim. Whether the statute means the court must find that a constitutional provision applies to the contracts, *310 or merely that a decision in the case must be rendered upon a constitutional question before the case can finally be determined, presents a problem in construction upon which we do not find it necessary to pass.
A peculiar feature of the case is that if it be held the statute is valid and controlling for the reason that no provision of the Constitution applies, the case must be dismissed for want of jurisdiction, and it will be observed that if the statute is valid and the case were to be decided on its merits a dismissal would also follow.
Another contention made on behalf of defendant is in substance that the contracts were controlled by the statute with the effect that the statutory provisions with reference to the reduction in pay entered into and became part thereof. That, such was the intention of Congress we think is clear.
The act is very comprehensive in its language. Section 104 (a) provided in effect that it applied to every officer and employee rendering services to the United States with the exception of those who received compensation under the terms of a contract which was in effect when the act was passed. Subdivision (b) of section 104 of the act defined the term “compensation” as follows:
(b) The term “compensation” means any salary, pay * * * or other emolument paid for services-rendered in any civilian or noncivilian office, position,, or employment.
This provision enlarged the meaning of. the word “compensation” beyond the sense in which it is generally used. Under the contracts the plaintiff was to be paid at the rate of $7.50 a day and there can be no doubt that plaintiff’s pay was included by this statutory definition.
Section 105 provided for a reduction in the “compensation” and fixed the rate thereof. The special provisions of the act exempting from its application those who received compensation under the terms of a contract in effect when the act was passed, clearly show that Congress intended the act should apply to contract cases with this exception and that Congress realized it did not have the power under the *311 Constitution to abrogate prior contracts. We think we can go further and say that considering the act as a whole its evident purpose and intent was to have contracts for per diem services made in the same manner as before but that the payment for such services should be subject to the same reduction as was applied in the case of salaried employees. Having reached this conclusion with reference to the construction of the act, we will next consider whether the statute is valid and whether it became part of the contracts which plaintiff made with the defendant.
Ordinarily the validity and construction of a contract must be determined in accordance with the law existing at the time it is made. The general rule is that contracts are to be governed as to their nature, validity, and interpretation by the law of the place where they are made unless it clearly appears that the contracting parties intended otherwise. 13 C. J., § 19, p. 247. As a result of the application of this doctrine, contracts which might be valid in one State are invalid in another, and the construction and interpretation of the contract may vary in accordance with the place where it is executed. As a general rule the parties to a contract are presumed to intend that it shall be carried out in conformity with the statute and it is sometimes said that the laws which subsist at the time and place of making a contract, enter into and form a part of it as if they were expressly referred to or incorporated in its terms. It may be argued that in the case before us the statutory provisions do not pertain to the construction or interpretation of the contracts but limit the liability of the defendant, thereby making a new and different contract.
Laws limiting the liability on contracts are quite common. The statutes with reference to usury are a familiar example. In some States a contract which contains a provision for usurious interest is void in its entirety'and even the principal can not be recovered. In some the principal may be recovered but no interest; in others the principal and legal interest. Such laws reduce the amount to be paid under the contract as does the statute in the instant case. But it has never *312 been, held and so far as we are aware it has not even been contended that the usury statutes violated any constitutional provision. As the contract in suit is one made by the National Government the case is even stronger, for we can find nothing in the Constitution that forbids the sovereign power from prescribing in advance the effect of its contracts thereafter to be executed.
Counsel for plaintiff has not stated definitely in argument the constitutional provisions upon which the plaintiff rests his case. The constitutional provision with reference to-impairment of contracts applies to the States alone, but equally with the States the National Government is prohibited from depriving persons of property without due process of law and can not take private property for public use without just compensation. We are unable to see any feature of the case to which the constitutional provision with reference to due process of law applies and we do not think that the statute deprived the plaintiff of any property or vested right. What it did was to prevent the controverted right from coming into existence and the same result will follow whether we say the contracts must be construed vas including the statutory provisions, or simply that the statute limits the amount of recovery on the contracts. Under either rule there is no violation of the Constitution and the provisions of the statute are valid. If the defendant had refused to pay anything on the contracts, plaintiff could sue and recover the amount fixed by the statute but no more. Here, having sued for the amount deducted in accordance with the provisions of the statute, we think he can recover nothing even if his case is considered on its merits. But we think section 111 shows it was the intent of Congress to deprive the courts of jurisdiction where no constitutional provision is found applicable.
It follows that plaintiff’s petition must be dismissed and it is so ordered.
Whaley, Judge-; Littleton, Judge; and Booth, Chief Justice, concur.
Williams, Judge, dissents.